UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| ELIZABETH BLACK, individually and on behalf of all others similarly situated, | No. C15-845 |
| Plaintiff, | **COMPLAINT – CLASS ACTION** |
| v. | |
| PREMERA BLUE CROSS, a Washington company, | **JURY DEMAND** |
| Defendant. | |

Elizabeth Black, individually and on behalf of all others similarly situated, by her attorneys, makes the following allegations and claims for her complaint against Premera Blue Cross ("Premera"). The following allegations are made upon information and belief, except as to allegations specifically pertaining to Plaintiff, which are made upon knowledge.

**NATURE OF THE ACTION**

1.      This is a consumer class action brought on behalf of Plaintiff, individually and on behalf of all those similarly situated, and against Premera Blue Cross, to recover for Premera's failure to secure Plaintiff's and class members' medical records containing sensitive and

COMPLAINT
No. C15-845
- 1 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

confidential medical information, as well as personally identifiable information ("PII") such as names, dates of birth, billing information and social security numbers.

## PARTIES

2. Plaintiff Elizabeth Black is an individual residing in Seattle, Washington.

3. Defendant Premera Blue Cross is a Washington corporation with its headquarters located at 7001 220th Street SW, Building 1, Mountlake Terrace, Washington 98043.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Plaintiff's claims and the claims of the other members of the class exceed $5,000,000.00, and at least one class member is a citizen of a state other than Washington.

5. This Court has personal jurisdiction over Premera because Premera is headquartered in Washington and conducts business in Washington.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Premera's principal place of business is in this District and a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims occurred in this District.

## COMMON FACTUAL ALLEGATIONS

7. Premera is one of the largest health care insurance companies in the Pacific Northwest and primarily serves customers in Washington, Oregon, and Alaska.

8. On March 17, 2015, Premera announced that it discovered a cyberattack on its information technology systems that compromised the confidential health information and PII of approximately 11 million insureds. Premera discovered the attack on January 29, 2015 and its investigation revealed that the initial attack occurred on May 5, 2014.

COMPLAINT
No. C15-845

- 2 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

9. The cyberattack affected customers of Premera Blue Cross, Premera Blue Cross Blue Shield of Alaska, and its affiliate brands Vivacity and Connexion Insurance Solutions, Inc.

10. The breach involves the theft of information stored on various computers and data storage devices. Upon information and belief, Premera did not encrypt the PII in its possession, including Social Security numbers and birth dates.

11. According to Dave Kennedy, an expert in healthcare security who is chief executive of TrustedSEC, LLC, the Premera data breach is the largest breach reported to date involving patient medical information.

12. The information stolen from Premera, including Plaintiff's and Class members' PII, is extremely valuable to thieves. As the FTC recognizes, once identity thieves have personal information, "they can drain your bank account, run up your credit cards, open new utility accounts, or get medical treatment on your health insurance."

13. PII such as that stolen in the Premera data breach is highly coveted by and a frequent target of hackers. Legitimate organizations and the criminal underground alike recognize the value of such data. Otherwise, they would not pay for or maintain it, or aggressively seek it. Criminals seek personal and financial information of consumers because they can use biographical data to perpetuate more and larger thefts.

14. The ramifications of Premera's failure to keep Plaintiff's and class members' personal and financial information secure are severe. Identity thieves can use PII such as that pertaining to Plaintiffs and the class members, which Premera failed to keep secure, to perpetuate a variety of crimes that harm the victims. For instance, identity thieves may commit various types of crimes such as immigration fraud, obtaining a driver's license or identification card in the victim's name but with another's picture, using the victim's information to obtain

COMPLAINT
No. C15-845
- 3 -
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

government benefits, or filing a fraudulent tax return using the victim's information to obtain a fraudulent refund. The United States government and privacy experts acknowledge that it may take years for identity theft to come to light and be detected.

15. In addition, identity thieves may get medical services using Plaintiff's confidential health information and PII, or commit any number of frauds, such as obtaining a job or procuring housing.

16. The data breach at issue in this case occurred despite the fact that Premera was on notice of its security problems. According to *The Seattle Times*, federal auditors warned Premera that its network-security procedures were inadequate three weeks before hackers breached the information-technology systems of Premera. Government officials gave Premera ten recommendations to fix the problems and warned that the vulnerabilities in its systems could be breached by hackers and expose customer information. Premera received these recommendations on April 18, 2014.

17. Plaintiff and the class members had a reasonable expectation that their confidential health information and PII would remain private and confidential. As a result of Premera's deficient practices, Plaintiff and the class members have been damaged, and have lost or are subject to losing money and property as a result of Premera's substandard security practices.

**PLAINTIFF'S FACTUAL ALLEGATIONS**

18. Plaintiff Elizabeth Black had health insurance with Premera from approximately 2000 – 2005. Plaintiff received notice of the breach from Premera.

19. Premera required Plaintiff to provide confidential health information and PII to Premera.

COMPLAINT
No. C15-845
- 4 -
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

20. Plaintiff's confidential health information and PII was compromised in and as a result of the Premera data breach. Plaintiff was harmed by having her financial and personal information compromised and faces the imminent and certainly impending threat of future additional harm from the increased threat of identity theft and fraud due to her financial and personal information being sold on the Internet black market and/or misused by criminals.

21. Specifically, Plaintiff received a phone from Sprint in February 2015 that she did not order. That same month, Plaintiff also received a pre-paid Visa card from Walmart that she also did not order. Upon investigation, Plaintiff learned that the identity thief obtained four phones in her name from two different Sprint stores.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Fed. R. Civ. P. 23. Plaintiff seeks to represent a class (the "Class") described as follows:

> All individuals and entities in the United States whose personal and confidential health information and/or personal identification information was compromised as a result of the Premera data breach announced on March 17, 2015.

23. The members of the Class are so numerous that the joinder of all members is impractical. While the exact numbers of Class members is unknown to Plaintiff at this time, it is believed to be in the millions.

24. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate. Plaintiffs' claims are also typical of members of the Class and Plaintiff can fairly and adequately represent the interests of the Class.

COMPLAINT
No. C15-845

- 5 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

25. This action satisfies the requirements of Fed. R. Civ. P. 23(b)(3) because it involves questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, including but not limited to:

(a) Whether Premera unlawfully used, maintained or disclosed Class members' confidential health information and PII;

(b) Whether Premera unreasonably delayed notifying affected customers of the data breach;

(c) Whether Premera failed to implement and maintain reasonable security procedures and practices appropriate to the sensitive nature of the information compromised in the data breach, including but not limited to Premera's failure to encrypt the sensitive and confidential information;

(d) Whether Premera's conduct was negligent and/or grossly negligent;

(e) Whether Premera's conduct was reckless;

(f) Whether Premera acted willfully and/or with oppression, fraud or malice;

(g) Whether Premera's conduct constitutes breach of contract;

(h) Whether Plaintiff and the Class are entitled to damages, civil penalties, punitive damages and/or equitable and injunctive relief.

26. Plaintiff's claims are typical of those of other Class members because Plaintiff's confidential health information and PII, like that of every Class member, was disclosed by Premera.

27. Plaintiff will fairly and adequately represent and protect the interests of the Class.

28. Plaintiff's counsel is competent and experienced in class action litigation.

COMPLAINT
No. C15-845

- 6 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

1    29.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class members is not practicable, and questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the proposed Class.

30.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Premera and would lead to repetitive adjudication of common questions of law and fact.

31.    Damages for any individual Class member are likely insufficient to justify the cost of individual litigation, so that in the absence of class certification, Premera's violations of the law would go unremedied and Premera will retain the benefits of its wrongdoing.

32.    Class certification, therefore, is appropriate under Fed. R. Civ. P. 23(a) and (b)(3). The above common questions of law or fact predominate over any questions affecting individual members of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

33.    Class certification is also appropriate under Fed. R. Civ. P. 23(a) and (b)(2), because Premera has acted or has refused to act on grounds generally applicable to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole.

**COUNT I**
**NEGLIGENCE**

34.    Plaintiff realleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

COMPLAINT
No. C15-845

- 7 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

35. Premera came into possession, custody, and/or control of confidential health information and/or PII of Plaintiff and Class members.

36. Premera owed a duty to Plaintiff and Class members to exercise reasonable care in safeguarding and securing the confidential health information and/or PII of Plaintiff and Class members in its possession, custody, and/or control.

37. Premera had a duty to exercise reasonable care in implementing and maintaining reasonable procedures and practices appropriate for maintaining the safety and security of Plaintiff and Class members' confidential health information and/or PII in its possession, custody, and/or control.

38. Premera had a duty to exercise reasonable care in timely notifying Plaintiff and Class members of an unauthorized disclosure of Plaintiff and Class members' confidential health information and/or PII in its possession, custody, and/or control.

39. Premera, through its actions and/or omissions, unlawfully breached its duty to Plaintiff and Class members by failing to exercise reasonable care in safeguarding and securing the confidential health information and/or PII of Plaintiff and Class members in its possession, custody, and/or control.

40. Premera, through its actions and/or omissions, unlawfully breached its duty to Plaintiff and Class members by failing to exercise reasonable care in implementing and maintaining reasonable procedures and practices appropriate for maintaining the safety and security of Plaintiff and Class members' confidential heath information and/or PII in its possession, custody, and/or control.

41. Premera, through its actions and/or omissions, unlawfully breached its duty to Plaintiff and Class members by failing to exercise reasonable care in timely notifying Plaintiff

COMPLAINT
No. C15-845

- 8 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

and Class members of an unauthorized disclosure of Plaintiff's and Class members' confidential heath information and/or PII in its possession, custody, and/or control.

42. Premera's negligent and wrongful breach of duties it owed to Plaintiff and Class members proximately caused an unauthorized disclosure of Plaintiff's and Class members' confidential health information and/or PII in its possession, custody, and/or control.

43. As a direct and proximate result of Premera's negligent conduct, Plaintiff and the Class have suffered injury and are entitled to damages in an amount to be proven at trial.

### COUNT II
### BREACH OF CONTRACT

44. Plaintiff realleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

45. Plaintiff and the Class members relied upon Premera's representations regarding privacy and security before purchasing health services and products.

46. By entering into agreements with Plaintiff and Class members, Premera imposed upon itself an obligation to use reasonable and industry-standard security practices and procedures to protect Plaintiff's and Class members' data and personal information.

47. Plaintiff and the Class members performed their obligations.

48. Plaintiff and the Class members paid for, but never received, the security protections to which they were entitled.

49. As a direct and proximate result of Premera's negligent conduct, Plaintiff and the Class have suffered injury and are entitled to damages in an amount to be proven at trial.

### COUNT III
### BAILMENT

50. Plaintiff realleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

COMPLAINT
No. C15-845

- 9 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

51. Plaintiff and Class members delivered and entrusted their confidential health information and PII to Premera for the sole purpose of receiving services from Premera.

52. In delivering their confidential health information and/or PII to Premera, Plaintiff and Class members intended and understood that Premera would adequately safeguard their personal and financial information.

53. Premera accepted possession of Plaintiff's and Class members' confidential health information and PII. By accepting possession, Premera understood that Plaintiff and Class members expected Premera to adequately safeguard their personal and financial information. Accordingly, a bailment was established for the mutual benefit of the parties.

54. During the bailment, Premera owed a duty to Plaintiff and Class members to exercise reasonable care, diligence and prudence in protecting their confidential health information and/or PII.

55. Premera breached its duty of care by failing to take appropriate measures to safeguard and protect Plaintiff's and Class members' confidential health information and/or PII, resulting in the unlawful and unauthorized access to and misuse of such information.

56. Premera further breached its duty to safeguard Plaintiff's and Class members' confidential health information and/or PII by failing to timely and accurately notify them that their information had been compromised.

57. As a direct and proximate result of Premera's breach of its duty, Plaintiff and Class members suffered consequential damages that were reasonably foreseeable to Premera, including but not limited to the damages set forth above.

COMPLAINT
No. C15-845

- 10 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

## COUNT IV
## UNJUST ENRICHMENT

58. Plaintiff realleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

59. Plaintiff and Class members conferred a monetary benefit on Premera in the form of monies paid for the purchase of health services from Premera during the period of the data breach.

60. Premera appreciates or has knowledge of the benefits conferred directly upon it by Plaintiff and members of the Class.

61. The monies paid for the purchase of health services by Plaintiff and members of the Class to Premera during the period of the data breach were supposed to be used by Premera, in part, to pay for the administrative and other costs of providing reasonable data security and protection to Plaintiff and members of the Class.

62. Premera failed to provide reasonable security, safeguards and protection to the confidential health information and/or PII of Plaintiffs and Class members and as a result, Plaintiff and Class members overpaid Premera for the services purchased.

63. Under principles of equity and good conscience, Premera should not be permitted to retain the money belonging to Plaintiff and members of the Class, because Premera failed to provide adequate safeguards and security measures to protect Plaintiff's and Class members' confidential heath information and PII that they paid for but did not receive.

64. Plaintiff and the Class have conferred directly upon Premera an economic benefit in the nature of monies received and profits resulting from sales and unlawful overcharges to the economic detriment of Plaintiff and the Class members.

COMPLAINT
No. C15-845

- 11 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

65. The economic benefit, including the monies paid and the overcharges and profits derived by Premera and paid by Plaintiff and members of the Class, is a direct and proximate result of Premera's unlawful practices as set forth in this Complaint.

66. The financial benefits derived by Premera rightfully belong to Plaintiff and members of the Class.

67. A constructive trust should be imposed upon all unlawful or inequitable sums received by Premera traceable to Plaintiff and the Class.

68. Plaintiff and the Class have no adequate remedy at law.

## COUNT V
## VIOLATION OF RCW § 19.255.010 et seq.

69. Plaintiff realleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

70. The data breach constituted a "breach of the security of the system" within the meaning of RCW § 19.255.010(1)(4).

71. Premera negligently and recklessly failed to provide reasonable and adequate security measures. Premera also unreasonably delayed informing the Plaintiff and Class members about the security breach of Plaintiff's and Class members' confidential health information and PII after Premera knew the data breach had occurred.

72. As a result of Premera's conduct, Plaintiff and the Class members will incur economic damages related to the expenses for credit monitoring and the loss associated with paying for health services they believed were purchased through secure transactions. Plaintiff and the Class members would not have purchased the health services had they known that their PII would be compromised.

COMPLAINT
No. C15-845
- 12 -
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

31. As a direct and proximate result of Premera's breach of its duty, Plaintiff and Class members suffered consequential damages that were reasonably foreseeable to Premera and which they are entitled to recover.

**PRAYER FOR RELIEF**

On behalf of themselves and the Class set forth, Plaintiff requests the Court order relief and enter judgment against Defendant and enter an order:

A. Certifying this case as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and, pursuant to Fed. R. Civ. P. 23(g), appoint the named Plaintiff to be Class representatives and their undersigned counsel to be Class counsel;

B. Requiring Premera to make whole any losses suffered by Plaintiff and Class members;

C. Enjoining Premera from further engaging in the unlawful conduct complained of herein;

D. Awarding Plaintiff and the Class appropriate relief, including actual and statutory damages, restitution and disgorgement;

E. Awarding pre-judgment and post-judgment interest;

F. Requiring Premera to pay for notifying the Class of the pendency of this action;

G. Requiring Premera to pay Plaintiffs and Class members reasonable attorneys' fees, expenses, prejudgment interest and the costs of this action; and

I. Providing all other and further relief as this Court deems necessary, just, and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues so triable.

COMPLAINT
No. C15-845
- 13 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

1  Respectfully submitted,

2  Dated: March 28, 2015          s/    *Cliff Cantor*
                                  By: Cliff Cantor, WSBA # 17893
3                                 **LAW OFFICES OF CLIFFORD A. CANTOR, P.C.**
                                  627 208th Avenue SE
4                                 Sammamish, WA 98074
                                  Tel:    425.868.7813
5                                 Fax:    425.732.3752
                                  Email: cliff.cantor@outlook.com

6
                                  William B. Federman*
7                                 **FEDERMAN & SHERWOOD**
                                  10205 N. Pennsylvania Avenue
8                                 Oklahoma City, OK 73120
                                  Tel:    (405) 235-1560
9                                 Fax:    (405) 239-2112
                                  Email: wbf@federmanlaw.com

10
                                  * Admission *pro hac vice* to be sought
11
                                  Attorneys for Plaintiffs
12

13

14

15

16

17

18

19

20

21

22

23

24

COMPLAINT                         - 14 -          **LAW OFFICES OF
No. C15-845                                        CLIFFORD A. CANTOR, P.C.**
                                                   627 208th Avenue SE
                                                   Sammamish, Washington 98074
                                                   Tel: 425.868.7813 • Fax: 425.732.3752